IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 07-148 |
| | ) |
| JOSEPH M. STABILE | ) Civil Action No. 08-523 |

O P I N I O N

DIAMOND, D.J.

Presently before the court is petitioner Joseph M. Stabile's ("petitioner") motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence (Document No. 43), the government's motion to dismiss petitioner's §2255 motion (Document No. 49), and petitioner's motion to dismiss the government's motion to dismiss (Document No. 50). For the reasons set forth below, the government's motion to dismiss will be granted, and petitioner's §2255 motion will be dismissed.

I. **Background**

On April 23, 2007, petitioner appeared before this court and waived his right to prosecution by indictment, thereby consenting to proceed by an information. The four-count information charged petitioner with the following: conspiracy from in or around September 1997 until in or around March 2006, in violation of 18 U.S.C. §371; mail fraud, in violation of 18 U.S.C. §§1341 and 2; willful failure to pay taxes for the quarter ending September 30, 2000, in violation of 26 U.S.C. §7202; and false statements on a tax return on or about April 15, 2003, in violation of 26 U.S.C.

AO 72
(Rev 8/82)

§7206(1). Also on April 23, 2007, petitioner pled guilty to the information pursuant to a written plea agreement that included, inter alia, a waiver of appellate rights and a waiver of collateral attack rights provision.

On October 16, 2007, the court sentenced petitioner to a total term of 77 months imprisonment, to be followed by a three-year term of supervised release. Petitioner's sentence was within the advisory sentencing guideline range of 70-87 months imprisonment.

On April 14, 2008, petitioner filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence, in which he argues that his appointed counsel, Assistant Federal Public Defender Michael Novara, was ineffective because he "pursued a defense strategy that was against established case law and impossible to win against [petitioner's] documented wishes." Petitioner further complains that Attorney Novara's representation at his sentencing hearing was deficient because he failed to object to the amount of loss involved in this case and his motion for a downward departure based on diminished capacity was not properly supported. Petitioner's motion also alleges that the Assistant United States Attorney who prosecuted this case denied him access to certain evidence which contributed to Attorney Novara's ineffectiveness, thereby resulting in a higher advisory guideline sentencing range.

The government filed a motion to dismiss petitioner's §2255 motion. The government contends that petitioner's plea agreement includes a collateral attack waiver provision, pursuant to which

⊗ AO 72
(Rev 8/82)

petitioner agreed to waive his right to file a §2255 motion. The government asks the court to enforce the waiver and dismiss petitioner's §2255 motion.

Subsequently, petitioner filed a motion to dismiss the government's motion to dismiss his §2255 motion. Petitioner argues that his §2255 motion should not be dismissed because his "averments [when] taken as true indicate a miscarriage of justice." Petitioner also contends that the government's motion to dismiss was not a proper pleading in response to his §2255 motion.

## II. **Standard of Review**

Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D.Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

According to Rule 8(a) of the Rules Governing §2255 Proceedings, the court must determine, based on the record, whether an evidentiary hearing on a §2255 motion is required. Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion not to conduct an evidentiary hearing. Id. As explained herein, the court finds that petitioner waived his right to file a §2255 motion, thus no hearing is required.

### III. Discussion

Petitioner has filed a §2255 motion despite agreeing in his plea agreement to waive the right to file such a motion. The government argues that petitioner's waiver should be enforced, and his §2255 motion should be dismissed. Accordingly, this court must address whether petitioner's waiver of his right to file a §2255 motion is enforceable.

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." United States v. Khattak, 273 F.3d 557, 561 (3d

Cir. 2001) (citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995)). In United States v. Mabry, 536 F.3d 231 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit upheld a defendant's waiver of his right to file a motion to vacate sentence under 28 U.S.C. §2255. The Mabry court found that such waivers are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." Id. at 237. Therefore, pursuant to Mabry, this court must determine the validity of petitioner's §2255 waiver by "specifically examining the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Id.

### A. Knowing and Voluntary Nature of the Waiver

In assessing whether petitioner's §2255 waiver was knowing and voluntary, the court must "review[] the terms of the plea agreement and change-of-plea colloquy and address[] their sufficiency." Mabry, 536 F.3d at 238.

Petitioner's written plea agreement clearly provides that the waiver is broad and applies to both direct appeal and collateral attack rights. Specifically, petitioner waived his right to take a direct appeal from his conviction or sentence subject to two exceptions: (1) petitioner could appeal if the United States appealed from the sentence, or (2) if the sentence exceeded the statutory limits or unreasonably exceeded the guideline range. Plea Agreement (Document No. 8), ¶A.6. Petitioner also agreed to

"waive[] [his] right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Id. (emphasis added). Petitioner signed the plea agreement thereby acknowledging that he read the document, discussed it with his attorney and accepted its terms. Id. at 6. The court finds the terms of the plea agreement to be sufficient and clear with regard to the waiver of collateral attack rights.

The court next must review the sufficiency of the plea colloquy. After petitioner was placed under oath, the court determined he was competent to plead. Transcript of Plea Hearing ("Plea Hr'g Tr."), April 23, 2007, at 2, 3-4. The court explained to petitioner what his rights would be if he went to trial. Id. at 12-16. All four counts of the information were read to petitioner, and the court explained what the government would have to prove at trial with respect to each charge. Id. at 16-21. The court also explained the statutory penalties that petitioner would be subject to, as well as the court's obligation to consider the advisory sentencing guidelines range in imposing sentence. Id. at 21-23.

The court next confirmed with petitioner that no promises other than those contained in the plea agreement were made to induce him to plead guilty. Plea Hr'g Tr. at 24-25. Petitioner verified that he voluntarily signed the plea agreement after discussing it with his attorney. Id. at 25. The Assistant United States Attorney summarized the terms of the plea agreement,

including the waiver of appellate and collateral attack rights provision, and petitioner indicated to the court that he had no questions regarding the plea agreement. Id. at 26-32. The Assistant United States Attorney then summarized the factual basis for petitioner's plea. Id. at 32-36. The court found there was a factual for petitioner's plea, that he knowingly and voluntarily desired to plead guilty, and the court accepted his plea. Id. at 45.

A review of the change of plea colloquy indicates that the court did not adhere to Federal Rule of Criminal Procedure 11(b)(1)(N), which requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving the right to appeal and to collaterally attack his sentence with a §2255 motion. Rule 11(b)(1)(N) provides:

> [b]efore the court accepts a plea of guilty ... the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed.R.Crim.P. 11(b)(1)(N). Nonetheless, for an appellate or collateral attack waiver to be unenforceable due to a violation of Rule 11(b)(1)(N), the plain error standard must be satisfied. See United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008). That standard requires that there be "(1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights." Id. (citing Johnson v. United States, 520 U.S. 461, 467 (1997);

United States v. Olano, 507 U.S. 725, 732 (1993)); see also Fed.R.Crim.P. 11(h) ("[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights.").

In Goodson, the Third Circuit found that it was plain and obvious error for the district court to rely on "the prosecutor's recitation of the terms of the appellate waiver to fulfill its obligation to inform the defendant of the specifics of the waiver provision" in light of the requirements of Rule 11(b)(1)(N). Goodson, 544 F.3d at 540. Therefore, under Goodson, this court's failure to directly address petitioner concerning the collateral attack and appellate waivers in the plea agreement as required by Rule 11(b)(1)(N) was plain and obvious error. See Scales v. United States, 2008 WL 5114267, *14 (W.D.Pa. Nov. 25, 2008) (applying Goodson and finding that the district court committed plain error by relying on the prosecutor's explanation of the collateral attack and appellate waivers in the plea agreement instead of directly questioning the defendant regarding the waivers); Jackson v. United States, 2008 WL 5429695, *12 (W.D.Pa. Dec. 30, 2008) (same).

Although plain error occurred during the collateral attack and appellate waiver portion of the plea colloquy in this case, for those waivers to be unenforceable, petitioner still must demonstrate "that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding appellate waiver in the plea agreement." Goodson, 544 F.3d at 540. In Goodson, the Third

⚜AO 72
(Rev 8/82)

Circuit considered the whole record to determine if the defendant's substantial rights were affected. Id. at 540-41. While Goodson did not expressly identify factors courts must consider, the Third Circuit examined the following: (1) the defendant's characteristics; (2) the nature and circumstances of the crimes committed; (3) the terms of the plea agreement; (4) the fact that the plea agreement contained a clause indicating that the defendant read the agreement which contained the waiver and discussed it with his counsel; (5) the defendant's assertions during the plea hearing that he understood the terms of the plea agreement; and (6) the fact that the prosecutor reviewed the terms of the appellate waiver during the plea colloquy. Id.

Applying those factors here, the court finds from the record in this case that at the time of petitioner's guilty plea, he was thirty-nine years old, he had a college education and had attended law school for several years, and he was president and chief executive officer of a company which sold future need caskets, burial vaults and funeral merchandise. Plea Hr'g Tr. at 3, 33. Petitioner's crimes were complex and involved hundreds of victims throughout the United States. The amount of loss in this case was between $1,000,000 and $2,500,000. Plea Agreement, ¶C.3(c).

In addition, the collateral attack and appellate waivers were clearly set forth in the written plea agreement. Plea Agreement, ¶A.6. When the prosecutor summarized the plea agreement at the plea hearing, he reviewed all of the agreement's terms, including the appellate and collateral attack waiver provisions. Plea Hr'g

Tr. at 26-31. When the court asked petitioner whether he had any questions regarding the plea agreement, he stated while under oath that he did not. Id. at 32. Petitioner executed the plea agreement, thereby acknowledging that he read the document and discussed it with his attorney, and he affirmed under oath at the plea hearing that was true. Id. at 25; Plea Agreement at 6. It is, therefore, clear from the record that petitioner's assent to the plea agreement, including the collateral attack waiver provision, was voluntary and knowing and that he acknowledged the agreement while under oath; accordingly, the court approved the plea agreement and accepted petitioner's guilty plea.

In sum, the plain error by the court in conducting the plea colloquy in this case did not affect petitioner's substantial rights. As the foregoing analysis demonstrates, petitioner was not precluded from knowing of and understanding the significance of the binding collateral attack waiver provision in the plea agreement. See Goodson, 544 F.3d at 541 (finding that deficient plea colloquy did not preclude the defendant from understanding that he had waived his appellate rights, and holding that the defendant's substantial rights were not affected by inadequate colloquy); see also Scales, 2008 WL 5114267, *14 (following Goodson and applying similar factors in concluding that deficient plea colloquy did not affect the defendant's substantial rights); Jackson, 2008 WL 5429695, *13 (same). Accordingly, the deficient plea colloquy in this case does not render petitioner's appellate and collateral attack waivers unenforceable.

B.  **Miscarriage of Justice**

Although the court has determined that petitioner knowingly and voluntarily waived his collateral attack rights as explained above, we next must address whether enforcement of the waiver would work a miscarriage of justice in this case. Mabry, 536 F.3d at 237. We are to use a "common sense approach" and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Id. at 242, 243. Although the Third Circuit has declined to identify a list of specific circumstances to consider before invalidating a waiver as involving a miscarriage of justice, it has instructed that we should consider "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result ....'" Id. at 242-43 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). In Mabry, the Third Circuit identified instances that may constitute a miscarriage of justice, such as if enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. Id. at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)).

Here, the appellate waiver agreed to by petitioner was broad

and encompassed any challenge to his sentence or conviction subject to the following limited exceptions: if the United States appealed the sentence; if the sentence exceeded the statutory limits set forth in the United States Code; or if the sentence unreasonably exceeded the advisory guideline sentencing range determined by the court. Plea Agreement, ¶A.6. None of these exceptions are applicable because petitioner's sentence of 77 months imprisonment was within the applicable guideline range of 70 to 87 months, beneath the statutory maximum term of imprisonment, and his sentence was not appealed by the United States.

More importantly here, the collateral attack waiver agreed to by petitioner was broad and contained no exceptions, stating that he agreed to "waive[] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agreement, ¶A.6 (emphasis added). Quite simply, petitioner "has not identified [in his motion] any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Moreover, petitioner has not alleged that the waiver of his right to file a §2255 motion was unknowing or involuntary, nor has he challenged the validity of the plea agreement or asserted that his attorney was ineffective in negotiating the plea agreement which contained the waiver of his right to file a §2255 motion.[1] Here,

---

[1] Petitioner's claims of ineffective assistance of counsel all relate to his attorney's handling of various (continued...)

as in Mabry, "[e]nforcing the waiver is in line with justice, not a miscarriage of it." Id. at 244.

For all of these reasons, the court finds that petitioner knowingly and voluntarily waived his right to file a collateral attack of his conviction and sentence, and that enforcement of the waiver does not work a miscarriage of justice. As a result, petitioner's §2255 motion is barred by the collateral attack waiver provision in his plea agreement, and the government's motion to dismiss petitioner's §2255 motion will be granted.

### C. **Certificate of Appealability**

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit states that when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. As the foregoing makes clear, petitioner waived his right to file a §2255 motion. Because the court does not reach the merits of petitioner's claims, there exists no basis for issuing a certificate of appealability, as petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

---

sentencing issues. As stated above, petitioner does not contend that his attorney was ineffective in negotiating the plea agreement which contained the waiver of appellate rights and collateral attack rights, nor does he claim that his attorney was ineffective in representing him at the plea hearing.

- 13 -

## IV. Conclusion

For the foregoing reasons, the government's motion to dismiss petitioner's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence will be granted, petitioner's §2255 motion will be dismissed, and a certificate of appealability will not be issued in this case.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: April 27, 2009

cc: Stephen R. Kaufman
Assistant U.S. Attorney

Joseph M. Stabile
09416-068
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507